UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOSEPH FINLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No.: 1:16-cv-0272 - JLT<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR DEFENDANT'S FAILURE TO COMPLY WITH THE COURT'S ORDER |

　　　　William Finley initiated this action by filing a complaint on February 26, 2016, seeking judicial review of the decision to denying his application for Social Security benefits. (Doc. 1) On February 26, 2016, the Court entered its Scheduling Order, setting forth the applicable deadlines. (Doc. 3) Pursuant to the Scheduling Order, Plaintiff served his confidential letter brief upon Defendant and filed a proof of service on August 25, 2016. (Doc. 13)

　　　　Within thirty-five days of the date of service of Plaintiff's confidential letter brief, Defendant was to serve a response upon Plaintiff. (Doc. 3 at 2) In addition, Defendant was ordered to file "[a] separate proof of service reflecting that the response was served." (*Id.*) Accordingly, Defendant was to serve Plaintiff a response to the letter brief and file proof of service no later than September 29, 2016. (*See id.*) To date, no proof of service has been filed, and Defendant has not requested an extension of time to comply with the Court's order.

　　　　The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g*. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Defendant is **ORDERED** to show cause within fourteen days of the date of service of this order why the action sanctions should not be imposed for failure to follow the Court's order, or to serve a response to Plaintiff's confidential letter brief and file proof of service with the Court.

IT IS SO ORDERED.

Dated:   **November 1, 2016**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE