1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   WILLIAM JOSEPH FINLEY,              )   Case No.: 1:16-cv-0272- JLT
                                         )
12                 Plaintiff,            )   ORDER GRANTING COUNSEL'S MOTION
                                         )   FOR ATTORNEY FEES PURSUANT TO
13          v.                           )   42 U.S.C. § 406(b)
                                         )
14   COMISSIONER OF SOCIAL SECURITY,     )   (Doc. 22)
                                         )
15                 Defendant.            )
                                         )
16   _____ )

17          Josephine Gerrard, counsel for Plaintiff William Joseph Finley, seeks an award of attorney fees

18   pursuant to 42 U.S.C. § 406(b).  (Doc. 22)  Neither Plaintiff nor Defendant filed a response to the

19   motion.  For the following reasons, the motion for attorney fees is **GRANTED**.

20   **I.     Relevant Background**

21          Plaintiff entered into a contingent fee agreement with Ms. Gerrard on February 22, 2016, which

22   provided that if the federal court litigation resulted in past-due benefits paid to Plaintiff, his "attorney

23   has the right under [the] contract to ask the court to award as much as 25% of [the] past-due benefits."

24   (Doc. 22-2 at 1)

25          On February 26, 2016, Plaintiff filed a complaint for review of the administrative decision

26   denying his Social Security benefits.  (Doc. 17)  On December 2, 2016, the parties filed a stipulation

27   for the matter to be remanded for further proceedings.  (Doc. 18)  Pursuant to the terms of the

28   stipulation, the Court remanded the action under sentence four of 42 U.S.C. § 405(g) and entered

judgment in favor of Plaintiff. (Docs. 18, 19) Following the entry of judgment, the Court awarded $6,000.00 in attorney fees pursuant to the Equal Access to Justice Act. (Doc. 21)

On December 20, 2017 an administrative law judge "issued a favorable decision…, finding the plaintiff disabled as of April 28, 2009." (Doc. 22 at 2) The Commissioner concluded Plaintiff was entitled to past due benefits totaling $107,403.00, out of which the Commissioner withheld 25% — in the amount of $26,870.75 — for payment of attorney's fees. (Doc. 22 at 2; Doc. 22-1 at 1)

## II.    Attorney Fees under § 406(b)

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Id.* at 807.

## III.    Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In this case, Plaintiff entered into the contingent fee agreement in which he agreed to pay twenty-five percent of any awarded retroactive benefits. Ms. Gerrard accepted the risk of loss in the representation when representing Plaintiff before the District Court. As a result of counsel's work

before the court and the agency, the matter was remanded for further proceedings before an administrative law judge, who issued a fully favorable decision and awarded Plaintiff benefits. For this, Ms. Gerrard requested a fee of $20,000.00 "as her fee for work before the agency." (Doc. 22 at 2-3; Doc. 22-5 at 1) She now "seeks a fee authorization in the amount of $4,875.50" pursuant to the Social Security Act. (Doc. 22 at 6, ¶11)

Significantly, there is no indication Ms. Gerrard performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. To the contrary, Plaintiff was able to secure a fully favorable decision following the remand for further proceedings, including an award of past-due benefits. Accordingly, the Court finds the fees sought by Ms. Gerrard are reasonable in light the results achieved in this action, and the amount does not exceed twenty-five percent maximum permitted under 42 U.S.C. §406(b).

**IV.    Conclusion and Order**

Based upon the foregoing, the Court **ORDERS**:

1. The motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of $4,875.50 is **GRANTED**; and

2. The Commissioner shall pay the amount directly to Counsel, Josephine Gerrard.

IT IS SO ORDERED.

Dated:   **April 17, 2018**                        **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE

3